**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO LOCAL 1586, by and through its President, L. C. Chism, et al., Appellants,**

v.

**CITY OF PADUCAH et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 24, 1971.

H. E. Miller, Jr., Williams, Walters & Miller, Paducah, for appellants.

J. William Howerton, Corp. Counsel, Paducah, for appellees.

EDWARD P. HILL, Jr., Judge.

This suit was instituted by Local Union 1586 of the American Federation of State, County and Municipal Employees (AFL–CIO) through their selected officials and by some of the city employees against the City of Paducah, a second-class city, and others, in which they sought to require the City of Paducah to place all city employees under civil service rules and regulations and for an audit or accounting of the pension fund. They also sought judgment against the city directing it to pay into the pension fund an amount representing the city's contribution for those employees who were not placed under civil service. The trial court treated the action as one for declaratory judgment.

The defendant-appellee City of Paducah passed an ordinance in 1947 pursuant to KRS 90.310(1), which was amended in 1968. Sometime prior to the filing of this action, a controversy arose between the local union and the city with respect to the head of the refuse division of the public works department. Apparently the city did not classify the head of the refuse division under civil service. However, this person was later employed by the city in another capacity which eliminated the personal interest of this plaintiff. The chancellor granted what we believe to be a substantial part of the relief sought, but he provided in his judgment that it be "prospective in effect."

■ One of the contentions of appellants on this appeal is that they are entitled to an audit of their pension fund. KRS 90.400 provides for a levy of an ad valorem tax to help support the pension fund of the civil service system. The fund is administered by trustees elected by the civil service employees. The trustees are required by statute to give written reports to the mayor every three months and to post the reports in a conspicuous place for the employees. The appellants prayed in their complaint that the city be required to publish and make available to city employees a financial statement. While not required to do so, the city complied with this request; and the trial court found in its judgment that this constituted sufficient compliance with the statute in this respect, and we agree. So much for the argument on this appeal that appellants are "entitled to an audit."

■ The real bone of contention apparently on this appeal concerns the action of the city in placing some of its employees under civil service and declining to place others under the system. As noted above, the city did not adopt civil service until 1947. KRS 90.310(1), passed in 1946 and amended in 1968, authorized cities of the second class that did not have the system on June 19, 1946, to classify its employees and "designate the class of employes it desires to include." We are of the opinion that the city had the right and discretion at the time of its initial adoption of civil service to include classes of city employees in the system and to decline to include other classes. In substance this was the finding of the chancellor. The city did not include the director of the refuse division under this system, but did include other directors of other departments. This court is not in a position to say that this was an unreasonable or arbitrary classification. The city had the right and the discretion to classify the directors of the various departments of the city and to include in the civil service system those directors it desired to include and to decline to include in the system those it did not desire to include. KRS 90.310(1).

The judgment is affirmed.

All concur.